**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES WATSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 3:13-CV-583-BF |
| | § | |
| **CAROLYN W. COLVIN,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION & ORDER**

Plaintiff James Watson ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying his claim for a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

**Background**

Plaintiff alleges that he is disabled as a result of seizures, migraines, major depression, and osteoarthrosis. Pl.'s Br. [D.E. 16 at 6-7]. After his applications for disability insurance benefits and supplemental security income were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge. That hearing was held on October 26, 2011. *See* Tr. [D.E. 12-2 at 29]. At the time of the hearing, Plaintiff was 42 years old. *See id.* [D.E. 12-2 at 31]. Plaintiff has a 10th grade school education and has a GED. *See id.* [D.E. 12-2 at 32]. Plaintiff has past work experience as a convenience store clerk, a delivery driver and a cook for a pizzeria, house

repairer, and a machinist. *See id.* [D.E. 12-2 at 32-34, 71]. Plaintiff has not engaged in substantial gainful activity since March 2, 2009. *See id.* [D.E. 12-2 at 15].

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See id.* [D.E. 12-2 at 13]. Although the medical evidence established that Plaintiff suffered from non-epileptic seizures, migraines, major depression with anxiety, and osteoarthrosis, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* [D.E. 12-2 at 15, 18-19]. The ALJ further determined that while Plaintiff could not return to his past relevant work, Plaintiff had the residual functional capacity to perform a modified range of light work. *See id.* [D.E. 12-2 at 15, 19-21]. Relying on the testimony of a vocational expert, the judge found that Plaintiff was capable of working as a housekeeping cleaner, hand packager, bench assembler, call out operator, document preparer, and final assembler -- jobs that exist in significant numbers in the national economy. *See id.* [D.E. 12-2 at 22-23]. Plaintiff appealed that decision to the Appeals Council. *See id.* [D.E. 12-2 at 2]. The Council affirmed. *See id.* [D.E. 12-2 at 2]. Plaintiff then filed this action in federal district court.

## **Legal Standards**

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## **Analysis**

Plaintiff's appeal raises the following issues:

1. Whether the ALJ committed reversible error by only considering Listing 12.04 for mental disorders when Plaintiff submitted evidence he meets Listings 11.02 and 11.03 due to his seizure disorders; and

2. Whether the new evidence submitted to the Appeals Council which directly contradicted the ALJ's findings dilutes the record such that the ALJ's decision is not substantially supported.

Pl.'s Br. [D.E. 16 at 4].

Plaintiff first contends that the ALJ committed reversible error by only considering Listing 12.04 for mental disorders and failing to consider Listings 11.02 and 11.03 which cover seizure disorders. *See* Pl.'s Br. [D.E. 16 at 12-16]. Listing 11.02 provides that an individual is presumptively disabled if he suffers from:

4

>[C]onvulsive epilepsy, (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month, in spite of at least 3 months of prescribed treatment. With:
>
>>A. Daytime episodes (loss of consciousness and convulsive seizures) or
>>
>>B. Nocturnal episodes manifesting residuals which interfere significantly with activity during the day.

20 C.F.R. Pt. 404, Subpt. P., App. 1, § 11.02. A person is presumptively disabled under Listing 11.03 if he has:

>[N]onconvulsive epilepsy (petit mal, psychomotor, or focal), documented by detailed description of a typical seizure pattern including all associated phenomena, occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day.

*Id.*, § 11.03. Under both Listings, "the criteria can be applied only if the impairment persists despite the fact that the individual is following prescribed anti-epileptic treatment." *Id.*, § 11.00(A). Where such treatment appears to be therapeutically inadequate, "consideration should be given as to whether this is caused by individual idiosyncrasy in absorption or metabolism of the drug." *Id.*

Here, the ALJ determined at Step 3 of the sequential evaluation process that Plaintiff suffers from "non-epileptic seizures" that constitute a severe impairment under the social security regulations. *See* Tr. [D.E. 12-2 at 15]. In making that determination, the judge considered Plaintiff's testimony at the administrative hearing and objective medical evidence documenting Plaintiff's extensive history of seizures. *See id.* [D.E. 12-2 at 16-17]. The ALJ noted Plaintiff's testimony that his seizure episodes began in January of 2004 and was examined by a neurologist who put him on medications but the episodes got worse. *See id.* [D.E. 12-2 at 18]. The ALJ noted that Plaintiff

5

indicated that he had two to three seizures per week and 11 per month. *See id.* [D.E. 12-2 at 16]. The ALJ also noted Plaintiff's testimony that after "a seizure he experienced fear, rarely knew where he was, and required five to 20 minutes to regain motor skills." *See id.* [D.E. 12-2 at 18]. The ALJ further noted Plaintiff's testimony that he was fired in 2010 from a convenience store clerk position because he had a seizure and it was unsafe for him to be alone at the store, that he was fired from a pizzeria because he had a seizure while working as a cook and missed a delivery shift due to a seizure, and that he worked as a machinist for 5 years and was terminated due to multiple seizures. *See id.* [D.E. 12-2 at 17, 33-34]. Plaintiff testified that he went to the emergency room twice from the factory when he was working as a machinist because his employer called 911 and that he has gone to the emergency room after experiencing a seizure at home. *See id.* [D.E. 12-2 at 35]. The ALJ stated that Plaintiff "seemed credible with his description of episodes diagnosed as non-epileptic seizures." *See id.* [D.E. 12-2 at 20].

     The ALJ noted that Dr. Stephanie J. Morton examined Plaintiff on August 23, 2007 and observed that Plaintiff had a medical history of suspected seizures, and that Plaintiff was assessed as having partial epilepsy. *See id.* [D.E. 12-2 at 16]. The ALJ also observed that when Dr. Morton examined Plaintiff on June 30, 2010, he again diagnosed Plaintiff as having partial epilepsy and opined that seizures would likely disrupt Plaintiff's co-workers, Plaintiff would need more supervision and unscheduled breaks twice a day for 15 to 30 minutes, and that Plaintiff would have an expected absenteeism of more than four days per month. *See id.* [D.E. 12-2 at 16]. The ALJ noted that Plaintiff was evaluated by Dr. Bobbie Hart Lilly and Dr. Tanga J. Franklin on October 9, 2010 and that Plaintiff was assessed with partial epilepsy. *See id.* [D.E. 12-2 at 17]. The ALJ further noted that during Dr. Krishnababu Chunduri's November 16, 2011 examination, Plaintiff reported he had

6

six to nine seizures per month for a year and half and that Dr. Chuduri assessed Plaintiff as having "other convulsions or non-epileptic seizures." *See id.* [D.E. 12-2 at 17].

Viewed as a whole, this evidence at least suggests that Plaintiff may meet the requirements of Listings 11.02 and 11.03 - yet, the ALJ wholly failed to consider these listings in finding that Plaintiff was not disabled. *See, e.g. Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (ALJ has a duty to analyze plaintiff's impairments under every applicable Listing). Instead, at Step 3 of the sequential evaluation, the judge discussed whether Plaintiff's mental impairments satisfied the requirements of Listing 12.04 and never mentioned Listings 11.02 and 11.03. *See id.* [D.E. 12-2 at 18-19]. As a result of this legal error, remand is required. *Bowman v. Astrue*, No. 1:09-CV-137, 2011 WL 744767 at *18 (N.D. W. Va. Jan. 27, 2011) (disability determination was not supported by substantial evidence where ALJ failed to compare criteria of Listing 11.02 and 11.03 to evidence of plaintiff's severe seizure impairment); *Miller v. Commissioner*, 181 F. Supp. 2d 816, 820 (S.D. Ohio 2001) (remand required where ALJ found that plaintiff's epilepsy was a severe impairment, but failed to consider Listing 11.03). *See also Lynch v. Astrue*, No. 7:10-CV-32-BD, 2011 WL 1542056, at *3-4 (N.D. Tex. Apr. 22, 2011) (remand required where ALJ failed to reference potentially applicable Listing and did not discuss all relevant evidence in the context of the Listing).

## Conclusion

For the reasons stated above, the final decision of the Commissioner is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.[1]

---

[1] By remanding this case for further administrative proceedings, the court does not suggest that Plaintiff is or should be found disabled.

SO ORDERED, this 31st day of March, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE